**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| HEIDI SERNA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:18-CV-63-HAB ) |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Heidi Serna's ("Serna") appeal of the Social Security Administration's Decision dated June 29, 2017 (the "Decision"). Serna filed her Complaint to Review Decision of Commissioner of Social Security Administration (ECF No. 1) on March 19, 2018. Serna filed her Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration (ECF No. 20) on September 25, 2018. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 21) on November 6, 2018. Serna filed her Reply Brief on November 21, 2018. This matter is now ripe for determination.

**ANALYSIS**

**A.      Standard of Review**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th

Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**B.     The ALJ's Decision**

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A); § 1382c(a)(3)(B). If a person is determined to be disabled, their continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a).

The continuing disability review process is a sequential analysis prescribed in 20 C.F.R. § 404.1594(f). The regulations for determining whether a claimant's disability has ceased may involve up to eight steps[1] in which the Commissioner must determine (1) whether the claimant is currently engaging in substantial gainful activity, (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment, (3) whether there has been a medical improvement, (4) if there has been medical improvement, whether it is related to the claimant's ability to work, (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies, (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe, (7) if the current impairment or combination of impairments is severe, whether the

---

[1] Serna incorrectly cites to the five-step analysis in 20 C.F.R. § 404.1520. (ECF No. 20 at 11–13).

claimant has the residual functional capacity to perform any of his past relevant work activity, and (8) if the claimant is unable to do work performed in the past, whether the claimant can perform other work. 20 C.F.R. § 404.1594(f); *Dixon v. Barnhart*, 324 F.3d 997, 1000–01 (8th Cir. 2003).

At step one, the ALJ determined that Serna had not engaged in substantial gainful activity since February 20, 2013. At step two, the ALJ determined that Serna did not have an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step three, the ALJ found that Serna experienced medical improvement as of February 20, 2013, and at step four the ALJ concluded that the medical improvement related to Serna's ability to work.

At step six, the ALJ found that Serna had the following severe impairments: cervical and lumbar degenerative disc disease and degenerative joint disease, radiculopathy, sacroiliitis, cervicalgia, and migraines/headaches. At step seven, the ALJ determined that Serna had the residual functional capacity ("RFC") to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). The ALJ additionally included the following restrictions: Serna can stand and/or walk for at least two hours during an eight-hour workday, sit for at least six hours during an eight-hour workday, and lift, carry, push, and pull ten pounds frequently and occasionally throughout the workday; Serna can occasionally climb ramps and stairs, kneel, crouch, crawl, balance, and bend/stoop in addition to what is already required to sit; and Serna should avoid work within close proximity to very loud noises (level five) such as fire alarms and very bright flashing lights such as a strobe light on more than an occasional basis. At step eight, the ALJ found that Serna had no past relevant work, but that she was able to perform a significant number of jobs in the national economy, and therefore was not disabled.

C.      **Residual Functional Capacity**

On appeal, Serna argues that the ALJ's RFC determination was not supported by substantial evidence. First, Serna asserts that the ALJ failed to consider all the impairments set forth in her records from Dr. Roth at Summit Pain Management. (ECF No. 30 at 9–11). The Court disagrees. The ALJ discussed Dr. Roth's records in detail, including those findings that were inconsistent with his determination. (*See*, *e.g.*, ECF No. 9 at 37–39). While the ALJ may not have discussed every finding from every visit, he was not required to. "The ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and his conclusions." *Clifford*, 227 F.3d at 872. The Court finds that the ALJ reviewed and considered all the evidence submitted by Serna regarding her visits to Dr. Roth and concludes that a reasonable mind could accept the ALJ's review as adequate to support a conclusion.

The Court would further note that Serna's argument asks the Court to make conclusions not found in the evidence. For instance, in response to the ALJ's finding, supported in the record, that Serna had suffered from headaches since childhood and throughout her prior employment, Serna states:

> But when considering Dr. Roth's record that her pain involves a depression component and chronic pain, the plausibility that the various pain conditions cause her bad days during which she takes it easy to cope with other impairments and feels the same old headaches as more significant—becomes harder to rebut.

(ECF No. 20 at 13). Serna's speculation may be plausible, but it finds no support in the record. And even if it did, the ALJ's conclusion is also plausible, and this Court cannot reweigh evidence in reviewing the ALJ's determination. *Lopez*, 336 F.3d at 539. The Court rejects Serna's invitation to reverse the ALJ based on competing, rational interpretations of the record.

Serna next argues that the RFC is the result of the ALJ "playing doctor," apparently believing that the RFC is a manifestation of the ALJ's opinion that Serna should have a spinal cord stimulator "installed permanently, pronto." (ECF No. 20 at 15). The Court struggles to see how Serna reached this conclusion. Presumably, this argument stems from a single sentence in the ALJ's determination, in which he stated, "[h]owever, the most outstanding thing about the treatment records is that they show medications and the trial spinal cord stimulator were effective in controlling the claimant's pain." (ECF No. 9 at 39). This is not a statement opining that Serna must have the spinal cord stimulator installed. Instead, it is merely an observation, and one that Serna does not dispute, that her pain can be controlled through treatment. This is a valid observation, and one that is sufficient to deny benefits. *Gant v. Comm'r of Soc. Sec.*, 372 Fed. Appx. 582, 584–85 (6th Cir. 2010).

This is not a situation like *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014), where an ALJ "played doctor" by attempting to read an MRI in a manner contrary to an actual physician. Instead, the ALJ here is simply reporting the facts in the medical records. This is not a basis for reversing the ALJ.

Finally, Serna takes issue with the ALJ's claimed overemphasis on her daily activities. To be sure, the Seventh Circuit has criticized ALJ's when they fail to recognize the "critical differences between activities of daily living and activities in a full-time job." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). And while an argument could be made that the ALJ failed to recognize those differences here, that failure is at most harmless error. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (applying harmless error doctrine to Social Security appeals). Far from overemphasizing Serna's ADLs, the ALJ confined his discussion of them to six lines in a sixteen-page decision. They are an afterthought. The Court finds that the ALJ's RFC determination can

stand even without the stray reference to Serna's ADLs, and therefore finds no reason to reverse the ALJ on this ground.

## CONCLUSION

For the foregoing reasons, the Decision is AFFIRMED.

SO ORDERED on September 9, 2019.

                                     s/ Holly A. Brady
                                     JUDGE HOLLY A. BRADY
                                     UNITED STATES DISTRICT COURT